**FILED** KSR
3/19/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

| | |
|---|---|
| **DAWN SCOTT,** | **Case No.:** |
| **Plaintiff** | |
| **v.** | 1:25-cv-02688 |
| | Judge Thomas M. Durkin |
| **WATERTON RESIDENTIAL LLC,** | Magistrate Judge Beth W. Jantz |
| **d.b.a WRPV XIII NHT Chicago,** | RANDOM / Cat. 2 |
| **SHERRY WENDLING,** | |
| **Defendants.** | |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff Dawn Scott ("Plaintiff"), files this Complaint against Defendants WRPV XIII NHT Chicago (North Harbor Tower), WATERTON RESIDENTIAL LLC and SHERRY WENDLING ("Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This action arises under federal law for violations of the Fair Housing Act (42 U.S.C. § 3601 et seq.) and HUD regulations (24 CFR § 982 et seq.). It also includes related state law claims under supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Plaintiff seeks injunctive relief to prevent further retaliation and discrimination by Defendants against Housing Choice Voucher (HCV) tenants like herself.

3. Plaintiff also seeks compensatory damages for financial harm caused by Defendants' actions as well as punitive damages for willful violations.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) as this action arises under the Fair Housing Act (42 U.S.C. § 3601 et seq.) and HUD regulations.

5. Venue is proper in this District pursuant to 28 U.S.C § 1391(b), as Defendants conduct business in Chicago, Illinois.

## PARTIES

6. Plaintiff Dawn Scott is a disabled 58-years old female resident of Chicago, who participates in the Housing Choice Voucher (HCV) program and lives at North Harbor Tower since 1-31-2021.

7. Defendant WRPV XIII NHT Chicago is a property management company operating in Chicago as North Harbor Tower.

8. Defendant SHERRY WENDLING is property manager at North Harbor Tower.

9. Defendant Waterton Residential Illinois owns and operates residential properties in Illinois, including North Harbor Tower.

## FACTUAL ALLEGATIONS

Plaintiff has been subjected to a pattern of discrimination, retaliation, non-compliance, and financial harm at the hands of Defendants, including but not limited to:

- Retaliatory lease non-renewal following CHA's required rent reduction, despite Plaintiff's offer to pay the difference.

- Repeated failure to comply with HUD's lease renewal and rent increase requirements.

- Unlawful overcharging of current rent—approximately $300 per month beyond Plaintiff's required portion under HUD regulations.

- Improper handling of rent increase requests, resulting in a reduction of Plaintiff's Housing Choice Voucher (HCV) payment.

- Illegal rent increase from $4,681.00 to $5,319.00, exceeding the 5% cap set by the City of Chicago Rent Control Ordinance.

- **Failure to submit Fair Market Rent (FMR) documentation with the rent increase request.**

- **Rent discrimination tied to the "two months free rent" offer, which was unlawfully denied to voucher holders.**

These actions are not accidental; rather, they constitute deliberate and unlawful efforts to discriminate against and financially harm voucher holders like Plaintiff.

**Improper Handling of Rent Increase Request & Reduction of HCV Payment**

- **HUD regulations (24 CFR § 982.507) require all rent increase requests to be submitted with Fair Market Rent (FMR) documentation that at least four comparable unassisted units are documented to justify rent increases.**

- **Defendants failed deliberately and unlawfully to submit the required FMR documentation on December 17, 2024, with the original rent increase request, leading to CHA's rejection.**

- **When Defendant - Sherry Wendling tried to correct this error by submitting the FMR data on January 13, 2025, outside CHA decision on December 27, 2024, CHA refused reconsideration because it was not included in the original request and Defendant - Sherry Wendling failed to upload this data to AffordableHousing.com, further breaching compliance standards. See Exhibits 5 and 6.**

- **As a direct result of this failure, CHA imposed a $378 rent reduction to $4303.00, lowering Plaintiff's HCV payment and creating financial instability. North Harbor Tower's failure to follow HUD and CHA regulations directly caused a financial loss, which could have been prevented with proper compliance. See Exhibit 5.**

**Unlawful Rent Increase – Exceeds 5% Cap**

- **The proposed rent increase from $4,681.00 to $5,319.00 constitutes a 13.6% increase, which far exceeds the 5% annual cap under the City of Chicago Rent Control Ordinance.**

- **HUD regulations (24 CFR § 982.503) require rent increases to align with Fair Market Rent (FMR) and be comparable to unassisted units.**

- **CHA rightfully denied this increase due to its excessive nature, yet Defendants attempted to enforce it anyway. See Exhibit 2.**

**Retaliatory Lease Non-Renewal Following CHA Rent Reduction**

- **HUD Retaliation Protections (24 CFR § 982.310) explicitly prohibit lease non-renewals in response to CHA rent determinations.**

- **The Illinois Human Rights Act (775 ILCS 5/3-102.1) prohibits retaliatory housing actions against voucher holders.**

- **The Fair Housing Act (42 U.S.C. § 3601 et seq.) protects tenants against discriminatory housing practices. See Exhibit 1.**

**Unlawful Overcharging of Rent – Violating CHA & HUD Payment Rules**

- **Lease Rent & Charges: $4,835.00/month**

- **HUD Paid: $4,681.00**

- **Plaintiff's Required Payment by Defendant Sherry Wendling: $621.06**

- **Overcharged Amount: ~$300 per month**

**HUD regulations (24 CFR § 982.451) prohibit landlords from charging voucher tenants more than their assigned portion. Defendants unlawfully collected excess rent, violating federal housing laws. See Exhibit 3.**

**Rent Discrimination Tied to "Two Months Free Rent" Offer**

- **Defendants engaged in rent discrimination by offering "two months free rent" to new tenants while excluding voucher holders.**

- **This is a direct violation of the Illinois Human Rights Act and the Fair Housing Act.**

- **Denying financial incentives to tenants based on source of income constitutes unlawful discrimination. See Exhibit 4.**

---

**CAUSES OF ACTION**

**Count I: Violation of Fair Housing Act (42 U.S.C § 3604)**

13. **Defendants discriminated against Plaintiff based on her status as a Housing Choice Voucher (HCV) tenant by engaging in retaliatory lease non-renewal and other discriminatory practices.**

14. Defendants' conduct constitutes unlawful discrimination by imposing different terms and conditions on HCV tenants compared to unassisted tenants, in violation of federal fair housing protections.

**Count II: Violation of Illinois Human Rights Act (775 ILCS 5/3-102)**

15. Defendants' actions constitute unlawful discrimination on the basis of source of income, as prohibited under the Illinois Human Rights Act.

16. By issuing a non-renewal notice in response to CHA's mandated rent adjustment, Defendants engaged in prohibited retaliatory conduct against Plaintiff due to her participation in the HCV program.

**Count III: Violation of Chicago Rent Control Ordinance**

17. Defendants' attempted rent increase from $4,681 to $5,319 exceeds the statutory cap of 5%, rendering it illegal and unenforceable under the Chicago Rent Control Ordinance.

18. By attempting to enforce this unlawful rent increase, Defendants have subjected Plaintiff to financial harm and housing instability.

---

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Rescind the non-renewal notice and comply with CHA's rent determination.

B. Compel Defendants to accept the current HUD-approved rent offer at the most recently determined Fair Market Rent (FMR) value.

C. Reimbursement for all rent overcharging including payment for two months due in 2021.

D. Ensure future rent increases follow FMR and HUD regulations, and stay within a 5% cap.

E. Compel Defendants to end all discriminatory housing practices, including financial incentives that exclude voucher holders.

F. Cease all retaliatory actions against Plaintiff and other voucher holders.

G. Award compensatory damages for financial damages.

H. Award punitive damages for willful violations.

I.  **Grant attorneys' fees under federal law.**

J.  **Provide any additional relief deemed just and proper.**

---

**DATED: March 10, 2025**

**Respectfully submitted,**

Dawn Scott, Plaintiff
175 N. Harbor Drive #2602
Chicago, IL 60601
312-973-2316



# Exhibit1

---

## Notice of Non-Renewal of Lease - Per CHA

1 message

---

**Sherry Wendling** <Sherry.Wendling@waterton.com>                    Mon, Dec 30, 2024 at 10:03 AM
To: Stromiescott@gmail.com <Stromiescott@gmail.com>

Dawn Scott

175 N. Harbor Drive  #2602

Chicago, IL 60601


Notice of Non-Renewal of Lease


Dear Ms. Dawn Scott:


We submitted a rate increase request to the Chicago Housing Authority, and they declined the rate increase and required a rate decrease.  Unfortunately, we are not able to accept the lower rate offer.  We notified the Chicago Housing Authority that we declined the lower rate offer.


Your current lease expires on January 31, 2025.  We are providing you with 120 days advanced notice that your lease will not be renewed, due to CHA denying the rate.   We will extend your current lease through April 30, 2025, at your current rate.  You will need to vacate your apartment prior to May, 1, 2025.


**Please contact the Chicago Housing Authority at, 312-461-0079, at your earliest convenience to request move papers.   They will also be reaching out to you.**


**You are responsible to fulfill the requirement of your current lease, including paying all rent and fees through April 30, 2025.   If you would like to vacate prior to April 30, 2025, please let us know in writing.  We require 60-Day advanced notice to vacate.**


Included with this notice are the following:

- Notice to Vacate form.  (Please complete the form and return to our office).
- Move out notice that lists the tasks to take care to help your move go smoothly.


Please contact the Management Office if you have any questions or need additional information.


We wish you all the best with your future plans.


Respectfully,

Sherry Wendling

Community Manager

**Sherry Wendling**



North Harbor Tower
Community Manager
P: 312-819-1880
Sherry.Wendling@waterton.com • www.northharbortowerchicago.com
175 N Harbor Dr, Chicago, IL 60601



CONFIDENTIAL: This message and any attachments are intended solely for the use of the intended recipient(s) and may contain information that is privileged, confidential or proprietary. If you are not an intended recipient, please notify the sender and then please delete and destroy all copies and attachments and be advised that any review or dissemination of, or the taking of any action in reliance on, the information contained herein or attached to this message is prohibited. Unless specifically indicated, this message is not an offer to sell or a solicitation of any investment products or other financial product or service.  You are also asked to notify us immediately by telephone at 312-948-4500 and to delete this transmission with any attachments and destroy all copies in any form. Thank you in advance for your cooperation.

Exhibit2

**Lease Renewal Letter**

Dear Dawn Scott,

175 N Harbor Drive #2602
Chicago, IL 60601
Lease Expiration Date: 01/31/2025

It is our pleasure to have you as a resident at North Harbor Tower! As the expiration of your current lease approaches, we would like to take this opportunity to invite you to sign a 12-month renewal lease at the rate listed below. Other terms available can be viewed via your online portal.

| Lease Term | Rental Amount |
|---|---|
| Month to Month | 6,044.00 |
| 12 | 5,319.00 |

*The above amount is base rent only.

**To <u>ACCEPT</u> your lease renewal offer, simply follow the steps below by December 2, 2024.**

1. Log onto resident portal at www.northharbortowerchicago.com
2. Click "Lease"
3. Click "Lease Info"
4. All lease terms available will be listed, please "select" which lease term you would like.
5. A staff member will upload the lease and notify you when it is available to sign online.

We are pleased to provide a new amenity service.  We have contracted with Fetch, a personalized package delivery service.  Fetch will deliver packages right to your door on the day/time window that work for you.  The Fetch team delivers seven days per week and at various times during the day.  An additional amenity fee of $20 per month will reflect on your new lease agreement for this service.

## <u>After accepting your lease renewal, please provide a copy of updated insurance</u>

We would also like to remind you that North Harbor Tower requires you to maintain property damage liability insurance during the term of your residency.  In order to satisfy the requirement, please provide a copy of the declarations page indicating a minimum of $100,000 in property damage liability coverage and naming North Harbor Tower as an "Additional Interested Party". The "Additional Interest" must read as follows: North Harbor Tower, P.O. Box 115009 Carrollton, TX 75011. Proof of insurance must be sent to waterton@policyvalidator.com. If proof of such insurance is not provided at the time of renewal, you will be automatically enrolled in the Resident Liability Insurance Program, which provides the required $100,000 property damage liability coverage as well as $5,000 in personal property liability coverage at a charge of $18 per month with no proration.  Please be advised that the coverage for your personal items provided under the Resident Liability Insurance Program is limited to $5,000.

Should your plans require you to leave North Harbor Tower, we will be sorry to see you go. Please remember that **we require a 60-day written notice** prior to your move out date. Notice to Vacate forms can be found in the Management Office.

*If 60 days or more notice is not provided by December 2, 2024, or your renewal lease is not signed before your current lease expires, your lease will renew on a month to month basis as stated in Paragraph 3 of your lease, at the month-to-month offer above.*

**If you have any questions, please contact us. We look forward to hearing from you!**
**North Harbor Tower Management      Email: Northharbor@waterton.com       Phone: 312-819-1880**

Date of Lease Contract: _____**January 5, 2024**_____
(when the Lease Contract is filled out)

*This is a binding document. Read carefully before signing.*

### Moving In — General Information

**1. PARTIES.** This Lease Contract is between you, the resident(s) *(list all people signing the Lease Contract):*

**Dawn Scott, Calvin Lincoln, Karla Scott**

and us, the owner: **WRPV XIII NHT CHICAGO, L.L.C.**

*(legal entity of the apartment community).* You've agreed to rent Apartment No. _____**2602**_____, at **175 N Harbor Drive #2602**

_____ *(street address)* in _____**Chicago**_____ *(city).* Illinois, ____**60601**____ *(zip code)* (the "apartment" or the "premises") for use as a private residence only. The terms "you" and "your" refer to all residents listed above. The terms "we," "us," and "our" refer to the owner listed above (or any of owner's successors' in interest, agents, or assigns). If anyone else has guaranteed performance of this Lease Contract, a separate Lease Contract Guaranty for each guarantor is attached.

**IDENTIFICATION OF OWNER AND AGENTS**

Owner or Authorized Management Agent:

**Waterton Residential Illinois, L.L.C. (hereinafter, WRI, L.L.C.)**

NAME

**3. LEASE TERM.** The initial term of the Lease Contract begins on the __**1st**__ day of ___**February**___, __**2023**__, and ends at 11:59 pm the __**31st**__ day of ___**January**___, __**2024**__ *(year).*

Renewal. This Lease Contract will automatically renew month-to-month unless you give us at least _____**60**_____ days (not less than 30 days and not more than 90 days) written notice of your intent to move-out as required by paragraph 45 (Move-Out Notice) and we give you notice of termination or non-renewal pursuant to local ordinance.

*If the number of days isn't filled in, at least 30 days notice is required.*

**4. SECURITY DEPOSIT.** Unless modified by addenda, the total security deposit at the time of execution of this Lease Contract for all residents in the apartment is $ ____**0.00**____, due on or before the date this Lease Contract is signed.

Your security deposit will be kept in a segregated account at *(name and address of financial institution):*

_____
_____
_____

**5. KEYS.** You will be provided __**2**__ apartment key(s), __**2**__ mailbox key(s), __**1**__ FOB(s), and/or __**1**__ other access device(s) for access to the building and amenities at no additional cost at move-in. If the key, FOB, or other access device is lost or becomes damaged during your tenancy or is not returned or is returned damaged when you move out, you will be responsible for the costs for the replacement and/or repair of the same.

**6. RENT AND CHARGES.** Unless modified by addenda, you will pay $ ____**4835.00**____ per month for rent, payable in advance and without demand on or before the first day of every month:

☐ at the on-site manager's office, or
☒ at the on-site manager's office or at our online payment site, or
☒ at **Waterton Residential PO Box 209392 Austin, Texas 78720-9392**

**Exhibit 4**

two-month-free-rent.jpg





Exhibit5

# APPROVED RENT DECREASE t0037946

1 message

**Wilkerson, William** <WiWilkerson@chacontractor.org>                    Fri, Dec 27, 2024 at 8:56 AM
To: stromiescott@gmail.com <stromiescott@gmail.com>

Hello,

Here is the breakdown for the new rent increase:

CONTRACT RENT $4407

HAP $4303

TP $104

EFFECTIVE 05/01/2025

Thank You,



**William Wilkerson** | Housing Specialist II, HCV Program

Phone 312-935-2600

Chicago Housing Authority | 60 E. Van Buren, 9th Floor | Chicago, IL 60605

wiwilkerson@chacontractor.org | www.thecha.org

Like us on Facebook | Follow us on Twitter

**NOTICE:** This email message, including any attachments, may contain information that is confidential and/or proprietary. If you are not an intended recipient, please be advised that any review, use, reproduction or distribution of this message is prohibited.



Exhibit6



---

## RE: (EXTERNAL) Non-Compliance with Rent Certification and HUD Regulations
1 message

**Sherry Wendling** <Sherry.Wendling@waterton.com>                    Mon, Jan 13, 2025 at 3:48 PM
To: Stromie Scott <stromiescott@gmail.com>

Hello Dawn Scott,


We have uploaded comparable units to the AffordableHousing.com website.


Please advise if you need anything additional.


Respectfully,


**Sherry Wendling**





North Harbor Tower
Community Manager
P: 312-819-1880
Sherry.Wendling@waterton.com • www.northharbortowerchicago.com
175 N Harbor Dr, Chicago, IL 60601

CONFIDENTIAL: This message and any attachments are intended solely for the use of the intended recipient(s) and may contain information that is privileged, confidential or proprietary. If you are not an intended recipient, please notify the sender and then please delete and destroy all copies and attachments and be advised that any review or dissemination of, or the taking of any action in reliance on, the information contained herein or attached to this message is prohibited. Unless specifically indicated, this message is not an offer to sell or a solicitation of any investment products or other financial product or service.  You are also asked to notify us immediately by telephone at 312-948-4500 and to delete this transmission with any attachments and destroy all copies in any form. Thank you in advance for your cooperation.

---

**From:** Stromie Scott <stromiescott@gmail.com>
**Sent:** Thursday, January 9, 2025 2:25 PM
**To:** Sherry Wendling <Sherry.Wendling@waterton.com>
**Subject:** (EXTERNAL) Non-Compliance with Rent Certification and HUD Regulations